UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT W. SUTHERLAND,

       Plaintiff,

v.

MICHAEL J. MIZER and JOHN M. CECIL, individually as agents of the United States Federal Bureau of Investigation, DAVID RUIZ, individually as an agent of the State of Michigan Department of State Police, JOHN DAKMAK and ERIC RESTUCCIA, individually and as officials of the Wayne County Prosecutor's Office and WAYNE COUNTY, a governmental agency, jointly and severally in their individual and official capacities,

       Defendants.

Case number 05-72496

Honorable Julian Abele Cook, Jr.

## ORDER

On December 22, 2006, the Plaintiff, Scott Sutherland, filed a motion to consolidate this lawsuit with another case that he had filed against the United States on October 2, 2006 ( see Case number: 06-10266). As an alternative form of relief, he seeks to obtain authority from the Court to amend his complaint in this case by joining the United States as a defendant. Sutherland has also asked the Court to modify its order of October 3rd with a revision of its scheduling dates.[1]

In addition, the Court must also evaluate a motion by one of the Defendants, David Ruiz, who seeks to obtain a protective order, as well as a stay of these proceedings, until such time as the

---

[1] On January 3, 2007, one of the Defendants, David Ruiz, filed a response in which he expressed his opposition to Sutherland's motion to revise the scheduling dates. On January 10, 2007, the United States submitted a "Statement of Interest" opposing Sutherland's motion to join it as a Defendant or amend the complaint.

issue of his qualified immunity is addressed and resolved.[2] According to the record, Sutherland has not responded to Ruiz's motion as of this date.

I.

This case involves charges by Sutherland who asserts that each of the Defendants violated his fundamental constitutional freedoms as well as his rights to be protected against unwarranted encroachments upon his civil liberties under common law. Sutherland's complaints originate from his arrest arising out of a double homicide which ultimately resulted in an acquittal in 2004. It was, and continues to be, Sutherland's belief that he was wrongly prosecuted for these homicides as a purposeful act of retaliation by the Defendants because of his refusal to cooperate as an informant as well as an unsuccessful attempt to coerce information from him.

In his effort to obtain economic relief for the Defendants' alleged transgressions, Sutherland initiated this lawsuit on June 23, 2005 against the municipal government of Wayne County, Michigan, two individual federal government agents (Michael Mizer and John Cecil), a special agent with the State of Michigan (David Ruiz), and two representatives of the Wayne County Prosecutor's Office (John Dakmak and Eric Restuccia). Approximately nine months later, he filed a second lawsuit against Mizer and Cecil (see Case number 06-10266). With the exception of an allegation under the Federal Tort Claims Act (FTCA), Sutherland's claims in his two lawsuits are virtually identical. On October 2, 2006, the Court – noting the paucity of any significant activity in the second filed lawsuit – issued a directive to Sutherland, in which he was required to set forth

---

[2] On January 5, 2007, Ruiz filed a motion for summary judgment, arguing that Sutherland's claims against him should be dismissed because he is entitled to qualified immunity. This motion will be heard in a hearing before the Court on April 3, 2007.

the reasons (if any) for his failure to prosecute this litigation.[3] As of this date, Sutherland has not responded to the October 2nd directive.[4]

On December 22, 2006, Sutherland filed a motion in an effort to consolidate his two cases, or in the alternative, to amend his Complaint which, if granted, would add the United States as a party defendant and include his Federal Tort Claims Act allegations. However, a prerequisite for commencing a lawsuit under the FTCA is that a claimant – such as Sutherland – must initially exhaust his available administrative remedies. *McNeil v. United States,* 508 U.S. 106, 112 (1993). 28 U.S.C. § 2675(a) provides, in pertinent part, that:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and have his claims have been finally denied by the agency in writing. . . .

The Supreme Court also declared that FTCA cases must be dismissed unless there is evidence that administrative remedies were exhausted under § 2675(a) by the aggrieved party. *McNeil* at 112. In fact, the dismissal of a legal proceeding is mandated even if the exhaustion of remedies requirement is satisfied after the FTCA suit has been filed but before any "substantial progress" has been made in the litigation. *Id.* at 111-12. In *McNeil*, the Supreme Court stated:

> The most natural reading of the [FTCA] statute indicates that Congress intended to require complete exhaustion of executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast

---

[3] E.D.Mich LR 41.2 provides, in pertinent part, that "[s]ubject to Fed.R.Civ.P. 2 (c) and LR 81.1, when it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice . . . enter an order dismissing . . . the case unless good cause is shown."

[4] On December 26, 2006, Sutherland filed a third complaint against agents Mizer and Cecil, case number 06-15725. This case is currently assigned to Judge Hood, but will be reassigned to this Court, as it is a companion case.

multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*Id* at 112.

It should be noted that Sutherland filed an administrative claim with the Federal Bureau of Investigation ("FBI") that was received on January 19, 2006, and denied on July 14, 2006. However, the record in this cause clearly reflects that both of Sutherland's complaints were filed on June 23, 2005 and January 19, 2006, respectively. Thus, Sutherland's request to consolidate the cases or to amend his original complaint to include the FTCA claims must be, and is, denied.

### III.

There remain two other issues which must be addressed by the Court. The first of these remaining issues involves Sutherland's request that the Court extend the dates within scheduling order by a period of three months so that he may conduct discovery in connection with his FTCA claim. However, since the Court has denied his motion to consolidate the cases or amend his Complaint, this request is now moot and must be denied.

The only other issue to be resolved by the Court pertains to Ruiz's motion for a protective order and to stay the case pending a decision on qualified immunity. Ruiz, who was a Special Agent with the Michigan Department of the Attorney General at all times that are relevant to this case, argues that he should not be subjected to requests for discovery in this case until the Court has ruled on qualified immunity issue. Ruiz points out that Sutherland did not conduct any discovery during the first eighteen months of the case, and that just prior to the close of discovery on December 22, 2006, Sutherland provided Ruiz with numerous discovery requests.

On April 3, 2007, the Court will hold a hearing on Ruiz's motion for summary judgment based on qualified immunity. Shortly thereafter, the Court will issue a decision on whether Ruiz is entitled to qualified immunity. Due to the short period of time until this issue is resolved, the

Court will grant Ruiz's motion to stay his case pending resolution of the qualified immunity issue.

Accordingly, and for the reasons set forth above, the Court will, and does (1) deny Sutherland's request to consolidate this case with another lawsuit (06-10266), (2) deny Sutherland's request to amend his complaint to join the United States as a defendant in Federal Tort Claims Act suit, (3) deny Sutherland's request to extend the scheduling order, and (4) grant Ruiz's motion to stay the case pending a determination on qualified immunity (5) deny Ruiz's request for a protective order.

IT IS SO ORDERED.

Dated: March 27, 2007　　　　　　　　　　　s/ Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

Certificate of Service

I hereby certify that on March 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

　　　　　　　　　　　　　　　　　　　　　　s/ Kay Alford
　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk