UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT W. SUTHERLAND,

        Plaintiff,

v.

MICHAEL J. MIZER, JOHN M. CECIL, DAVID RUIZ, JOHN DAKMAK, ERIC RESTUCCIA, and WAYNE COUNTY,

        Defendants.

_____

Case number 05-72496

Honorable Julian Abele Cook, Jr.

ORDER

On April 13, 2007, the Court granted a motion by one of the Defendants, David Ruiz, for the entry of a summary judgment on the basis of his qualified immunity defense as a state law enforcement officer. Several days later (April 25th), the Plaintiff, Scott Sutherland, filed a motion in which he asked the Court to reconsider its ruling of April 13th. For the reasons that have been stated below, Sutherland's motion must be denied.

I.

According to the Local Rules of this federal court, a party who seeks to obtain the reconsideration of an order "must not only demonstrate [the existence of] a palpable defect by which the court and the parties have been misled, but also show that correcting the defect will result in a different disposition of the case." E.D.Mich. LR 7.1(g)(3). In his request for reconsideration,

Sutherland maintains that the Court incorrectly relied upon a factual error when it granted Ruiz's motion for a summary judgment, and that had it not so, a different decision would have been rendered on this issue.

II.

Sutherland was prosecuted in a state court for the murders of James Moore and Denise Robinson, as well as for the attempted murder of Paul Robinson, in 1999. In January 2004, he was acquitted of these criminal charges. In June of the following year, Sutherland initiated this law suit against those persons who had allegedly violated his basic civil rights under the Constitutions of the United States and State of Michigan in connection with the charges of homicide against him.

On January 5, 2007, Ruiz, citing his status as a state police officer, filed a motion for the entry of a summary judgment on the basis of a qualified immunity defense. In support of this request, Ruiz proffered an affidavit that set forth the following information upon which he relied in seeking to obtain an arrest warrant for Sutherland:

> I met with Paul Robinson regarding the murders of his mother Denise Robinson and James Moore. He stated that on the day of the murders, he was staying at his mother's house. After falling asleep he awoke to "loud talk" and noticed his mother talking to a white male whom he recognized as Scott Sutherland. Robinson went back to sleep, believing Sutherland was returning Robinson's mini bike that Sutherland had been working on. Robinson woke up again after hearing numerous gunshots. He screamed and covered his face with blankets, when the shots stopped he uncovered his face and noticed a white male walk out of his mother's bedroom. This individual looked at Paul Robinson and shot him once.
>
> Paul Robinson explained that he had initially identified the wrong individuals as being involved in the shooting. Robinson identified the incorrect subjects at the lineup because he was scared and confused. Based on information from his neighbor, Robinson convinced himself that the "twins" committed the murders. At the time Mizer and I met with Robinson, he was confident that the "twins" did not commit the murders. The information regarding the prior identification was contained in the Detroit Police Department file.

(Def's Summ. J. Br., Ex. A. at 3.)

Relying upon the record, including this affidavit, the Court found that Ruiz was entitled to qualified immunity because (1) he had probable cause to arrest Sutherland, and (2) his apprehension of Sutherland did not cause any known or reported violations of the United States and/or the State of Michigan Constitutions.

In his motion to reconsider, Sutherland contends that the Court incorrectly relied upon the allegation by Ruiz that Paul Robinson, who was reputedly the only known eye witness to the Robinson and Moore homicides, had identified him as one of the assailants. It is Sutherland's belief that Paul Robinson had (1) failed to identify him as being responsible for the 1999 murders of James Moore or Denise Robinson, and (2) originally identified other persons in a line-up as having been involved in the untimely Robinson and Moore deaths. Upon further review of Ruiz's affidavit by the Court, it is clear that its now-challenged statement on April 13th which pertained to the alleged nexus between Sutherland and a purported eye witness to the two murders, was factually incorrect.

Although Sutherland – as the moving party – has met the first prong of the criteria for reconsideration under the Local Rules of this Court, he must also satisfy the second procedural hurdle which requires a petitioner – such as Sutherland – to demonstrate that the reliance upon this factual error by the Court altered the ultimate disposition of the issue under consideration. In bringing this action against Ruiz under 42 U.S.C. § 1983, Sutherland, as an aggrieved plaintiff, must establish that he was deprived of a fundamental right under the United States Constitution by a public official who was acting under the color of the law at the time of the alleged violation.

Claims under Section 1983 are limited by the doctrine of qualified immunity which "extends to government officials performing discretionary functions." *Blake v. Wright*, 179 F.3d

3

1003, 1007 (6th Cir. 1999). In 1982, the Supreme Court crafted the qualified immunity doctrine to protect public officials "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). Thus, government officials, while acting in their official capacities, are immune from personal civil liability as long as their actions "do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818; *see also Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Moreover, a government employee will be shielded from liability if he acted under an objectively reasonable belief that his actions were lawful. *Ahlers v. Schebil*, 188 F.3d 365, 372-73 (6th Cir. 1999). Although Ruiz bears the initial burden of asserting the defense of qualified immunity, Sutherland must ultimately demonstrate that this doctrine is not applicable under the circumstances of the case at hand. *Williams v. Payne, et al.*, 73 F.Supp.2d 785, 795, citing *Blake* at 1007. In his pending motion, Sutherland has challenged the validity of Ruiz's arrest warrant. A police officer is subject to claims under Section 1983 "if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 342 (1986). In *Malley,* the Supreme Court also stated that, "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost. *Id.* at 344-45.

A probable cause that would justify an arrest "means [those] facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense." *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1010-11 (6th Cir. 1990). The Sixth Circuit Court of Appeals

4

declared several years ago that probable cause only requires the probability of criminal activity, not some type of *prima facie* showing. *Crockett v. Cumberland College*, 316 F.3d 571, 580 (6th Cir. 2003). Thus, the probability of criminal activity is assessed under a reasonableness standard that is based upon an examination of those facts and circumstances within an officer's knowledge at the time when the arrest warrant was requested. *Id*.

There is evidence in the record that Ruiz, prior to seeking a warrant in connection with the Robinson and Moore homicides, had received "tips" from persons, other than Paul Robinson, who had allegedly linked Sutherland to the Robinson and Moore murders. In fact, two persons (namely, Joseph Robinson (Paul Robinson's brother) and Paul Kenneth Robinson (Paul Robinson's father) had advised Ruiz that they were told by Paul Robinson that he had seen Sutherland in his house on the day of the shooting. Finally, Paul Kenneth Robinson, George Milhouse and Mark Berman also told Ruiz that they had heard "on the street" commentary that Sutherland was involved in the murders.

In his currently pending motion, Sutherland claims that Ruiz lacked any justifiable basis (i.e., probable cause) to seek a warrant for his arrest because he had ignored existing exculpatory evidence in the police department's file (i.e., Paul Robinson's earlier identification of another person other than Sutherland as the perpetrator of the crime). Thus, Sutherland argues that Ruiz procured the arrest warrant with information which he knew or should have known was bogus and unreliable.[1] In support of his argument, Sutherland cites *Ireland v. Tunis*, 907 F.Supp. 1088, 1105 (E.D. Mich. 1995), which states that an official, who seeks to obtain a warrant, loses his shield of

---

[1] Sutherland claims that the information from Mark Berman and George Milhouse was unreliable because both of them were confidential informants.

qualified immunity if he "omits material facts, knowingly and intentionally makes false statements with a reckless disregard for the truth in an affidavit in support of the warrant." Thus, it is Sutherland's contention that Ruiz's failure to include the earlier misidentification in the information that had been submitted by him in support of the arrest warrant voids his qualified immunity defense. The Court disagrees.

Contrary to Sutherland's assertions, there is no evidence that Ruiz intentionally omitted any material facts or knowingly made false representations to the judicial officer who ultimately authorized the arrest warrant. Although Ruiz concedes the accuracy of Sutherland's assertion that Paul Robinson had originally identified some other person as his assailant, he denies having made any false or misleading statements when seeking to secure an arrest warrant in this case. Ruiz also asserts that he was aware of Robinson's inaccurate identification prior to obtaining the arrest warrant. It should be noted that the initial identification by Paul Robinson appears to have been negated in a subsequent interview with him. Furthermore, Sutherland has failed to provide the Court with any legal or evidentiary support for his contention that all potentially exculpatory information must be included in an application for an arrest warrant.

The proper standard upon which to determine if a law enforcement officer is entitled to qualified immunity is whether the issuance of the arrest warrant was objectively reasonable. Here, the record supports the conclusion that Ruiz acted within the bounds of "objective reasonableness" when, based upon his knowledge of the information that had been proffered by Paul Robinson and four other individuals, he sought and later obtained a warrant for Sutherland's arrest.

In summary, the earlier incorrect conclusion by the Court, which had determined that an eye witness had identified Sutherland as his assailant, did not affect the outcome of this case. In the

judgment of the Court, Ruiz's decision to seek an arrest warrant was objectively reasonable, and as such, he is entitled to qualified immunity. Accordingly, Sutherland's motion for reconsideration must be, and is, denied, and the decision of April 13, 2007 shall remain without modification.

IT IS SO ORDERED.

Dated: October 26, 2007            s/ Julian Abele Cook, Jr.
       Detroit, Michigan           JULIAN ABELE COOK, JR.
                                   United States District Court Judge

Certificate of Service

I hereby certify that on October 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford
Courtroom Deputy Clerk