UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT W. SUTHERLAND,

    Plaintiff,

v.

    Case number 05-72496

    Honorable Julian Abele Cook, Jr.

MICHAEL J. MIZER, JOHN M.
CECIL, DAVID RUIZ, JOHN DAKMAK,
ERIC RESTUCCIA, and WAYNE COUNTY,

    Defendants.

## ORDER

On April 3, 2007, the Court conducted a hearing to evaluate a motion by the Plaintiff, Scott Sutherland, who had sought to obtain the entry of a default as well as a default judgment against two of the Defendants, John Cecil and Michael Mizer.[1] Ten days later, his request for relief was denied. On April 26, 2007 Sutherland filed another motion in which he asked the Court to reconsider its rejection of his applications for defaults and default judgments against these two Defendants.

In order to evaluate Sutherland's request of April 26th, the Court must look to its Local Rules for guidance. According to E.D. Mich. LR 7.1(g), there are two prerequisites that an

---

[1] For the purpose of this hearing, Mizer and Cecil were agents of the Federal Bureau of Investigation at all times that are relevant to this case.

1

aggrieved party – such as Sutherland – must establish prior to having his request for reconsideration favorably evaluated by this Court; namely, (1) the motion must have been filed in a timely manner;[2] and (2) the applicant must satisfy certain minimum standards for review.[3] Although Sutherland has satisfied the first prong of his procedural obligation,[4] he has failed to meet the second prerequisite.

I.

In his motion, Sutherland challenges the finding by the Court which declared that the service upon the Defendants had not been properly executed according to the Federal Rules of Civil Procedure. Sutherland filed a complaint with the Court on June 23, 2005. Approximately one year later (June 30, 2006), he filed an amended complaint. However, neither Mizer nor Cecil have filed a response to Sutherland's allegations or undertaken any action with which to defend themselves against his charges against them in this litigation. Pointing to these alleged "failures" by the Defendants, Sutherland moved for the entries of defaults and default judgments against both of them on January 5, 2007. In response, these two Defendants filed pleadings in opposition to Sutherland's efforts, contending that neither of them had been properly served with the complaint

---

[2] "A motion for . . . reconsideration must be filed within 10 days after entry of the . . . order." E.D.Mich. LR 7.1(g)(1).

[3] "Generally, and without restricting the court's discretion, the court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D.Mich. LR 7.1(g)(3).

[4] According to the official records in this cause, (1) Sutherland's motion for the entry of a default and a default judgment against Mizer and Cecil was denied on April 13, 2007, and (2) a motion for reconsideration was filed on April 26th within ten business days from the date of the order.

or the amended complaint, as required by the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 4(i)(2)(B) sets forth the procedures that must be followed in order to serve a summons and complaint upon an officer of the United States. This rule states, in pertinent part, that:

> [s]ervice on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States – in an official capacity – is effected by serving the United States in the manner prescribed by Rule 4(i)(1)[5] *and* by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g)."[6]

(emphasis added.).

The Federal Rules of Civil Procedure also provide that "a defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant." Fed.R.Civ.P. 4 (d)(1). Furthermore, and in an effort to avoid costs, the plaintiff may notify an individual, who is subject to service under Fed.R.Civ.P. 4(e), of the commencement of the action and request that the defendant waive service of a summons. Fed.R.Civ.P. 4(d). However, although an officer or an employee of the United States, who has been sued in an individual capacity may waive *personal service*, there is no provision under the law for

---

[5]Fed.R.Civ.P. 4(i)(1) states that service upon the United States shall be effected in the following manner: (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney *and* (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia . . . .

[6]Fed.R.Civ.P. 4(e) describes "Service Upon Individuals Within a Judicial District of the United States." Fed.R.Civ.P. 4(f) describes "Service Upon Individuals in a Foreign Country." Fed.R.Civ.P. 4(g) describes "Service Upon Infants and Incompetent Persons." In the opinion of the Court, service upon Mizer and Cecil must be made pursuant to Fed.R.Civ.P. 4(e).

3

such a governmental officer or employee to waive a plaintiff's obligation to comply with the requisite rules which prescribe service of process upon the United States.[7]

II.

In his motion for entry of default, Sutherland asserts that the United States Attorney General received service of the complaint on August 17, 2005. The Defendants argue that this service was never effected in accordance with Fed.R.Civ.P.4(i)(1)(B). The return receipt cards, which have been produced by Sutherland, indicate that he mailed a summons and complaint to (1) Michael J. Mizer, c/o U.S. Attorney General's Office, 950 Pennsylvania Ave., N.W. Washington, D.C., and (2) John Cecil, U.S. Attorney General's Office, 950 Pennsylvania Ave, N.W., Washington, D.C. He also argues that the return receipts indicate that the summons and complaints were received, accepted and signed by Ernest L. Parker at the Attorney General's Office in Washington on August 22, 2005.

Following the hearing on April 3, 2007, Sutherland mailed another copy of the summons and complaint to the U.S. Attorney General, 950 Pennsylvania Ave, N.W., Washington, D.C. Once again, Ernest L. Parker accepted the mail and signed the return receipt card. In his argument, Sutherland submits that this evidence which presumptively demonstrates that the same person signed and accepted both mailings – regardless of the precise name and address – is proof that the Defendants' arguments which seek to draw distinctions between forwarding the complaint to the individual Defendant "c/o of the Attorney General" and sending it directly to the Attorney General

---

[7]*See* Fed.R.Civ.P. 4 Advisory Committee Note (1993 Amendments, Subdivision (d)) ("The request for waiver of service may be sent only to those defendants who are subject to service under subdivision (e), (f) or (h). The United States is not expected to waive service for the reason that its mailing facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice.").

is "absurd." (Sutherland's Motion for Reconsideration at 4.)

The Court does not agree with Sutherland. There is a presumption that a letter which has been properly addressed, stamped, and mailed was received by the person to whom it was addressed. *Hagner v. United States*, 285 U.S. 247, 430 (1932). However, in this case, the documents were addressed, packaged and mailed to Cecil and Mizer – not the Attorney General. The Defendants submit that when Sutherland failed to transmit the pleadings directly to the attention of the Attorney General, these documents were neither recognized nor recorded by the case tracking system within the Civil Division of the Department of Justice.[8]

Sutherland's argument, which seeks to minimize the significance of the Defendants' argument, lacks legal muster or support. When superimposing the applicable Local Rules against the challenged order, it is apparent to the Court that Sutherland has failed to proffer the existence of "a palpable defect by which the [C]ourt and the parties have been misled [and] that correcting the defect will result in a different disposition of the case." E.D.Mich. LR 7.1(g)(3).

### III.

Accordingly and for the reasons that have been stated above, the Court must, and does, deny Sutherland's motion to reconsider its decision of April 26, 2007.

IT IS SO ORDERED.

---

[8]It should be noted that on March 9, 2006, Glenn Green with the Department of Justice, Torts Branch, Civil Division, sent a letter to Deborah Bonner, attorney for Sutherland, identifying that service had not been made on the Attorney General. In addition, the defendants submitted a declaration from Mildred Carroll, legal technician with the Torts Branch, Civil Division, executed on January 11, 2007. Carroll states that she has searched the case tracking system within the Civil Division, and she has found no record of the summons and/or complaint having been served upon the Attorney General.

Dated: October 26, 2007                                             s/ Julian Abele Cook, Jr.
      Detroit, Michigan                                            JULIAN ABELE COOK, JR.
                                                                                    United States District Court Judge